UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION  _____  This document relates to:  Landry v. Bayer Corp., et al., No. 03-3086 | MDL NO. 1407  ORDER OF DISMISSAL WITH PREJUDICE FOR FAILURE TO COMPLY WITH CMO 15 |

This matter comes before the court on Defendants Wyeth and Bayer Corporation's ("defendants") Motion to Strike or, in the Alternative, Motion to Dismiss Plaintiff Annie Landry's claims. The court has reviewed this motion, as well as responsive pleadings, and hereby finds as follows:

On May 29, 2003, the court entered Case Management Order ("CMO") 15 and ruled that multiple-plaintiff cases did not meet the threshold standard for permissive joinder under Fed. R. Civ. P. 20(a). Plaintiffs in any multiple-plaintiff case pending in MDL 1407 as of May 29, 2003, were ordered to file and serve individual, severed complaints within 30 days of the order. On August 26, 2003, the court entered CMO 15A, which provides that "the original multiple plaintiff complaints . . . shall be dismissed with prejudice as of the effective date of this order."

ORDER - 1

This plaintiff was originally part of a multi-plaintiff case, <u>Landry, et al. v. Bayer Corp., et al.</u>, No. 02-1859, which was transferred to MDL 1407 on September 9, 2002. Plaintiff did not file an individual, severed complaint by June 29, 2003, which was the deadline set forth in CMO 15. The court dismissed plaintiff's multi-plaintiff case, <u>Landry, et al. v. Bayer Corp., et al.</u>, on August 26, 2003 pursuant to CMO 15A. Plaintiff did not appeal this dismissal, nor did she apply to the court for additional time to file an individual complaint. Plaintiff did not file an individual complaint until October 14, 2003, over three months past the deadline set forth in CMO 15.

Defendants have informed the court that this late-filed severed complaint was inadvertently omitted from previous omnibus dismissal motions pursuant to CMO 15. Defendants now request that this matter be dismissed pursuant to CMO 15.[1]

In determining whether to dismiss a claim for failure to comply with a court order, a district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002). The public's interest in the

---

[1] Defendants set forth several other arguments in support of dismissal or in favor of striking plaintiff's individual complaint. In light of the court's dismissal of plaintiff's claims pursuant to CMO 15, the court will not address defendants' additional arguments.

ORDER - 2

expeditious resolution of litigation and the court's need to manage its docket clearly weigh in favor of dismissal. Most plaintiffs in multiple plaintiff cases do not state with specificity which products they allegedly ingested, nor do they identify the manufacturers who allegedly caused their injuries. Thus, the practical effect of a failure on the part of a plaintiff to file an individual complaint in a timely fashion is that the case is prevented from moving forward. Such a lack of diligence does not serve the public interest in expeditious resolution of litigation, nor does it assist the court in managing its docket. <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990-91 (9th Cir. 1999). In addition, the failure of this plaintiff to comply with CMO 15 has diverted the court's time and resources. Flouting case management orders also clearly prejudices defendants' ability to defend against plaintiff's claims. While there is a preference that cases be disposed of on the merits, this plaintiff's delay in filing her severed complaint is not excusable. Dismissal is warranted, absent a convincing reason for failure to comply with CMO 15.

     Plaintiff argues that dismissal with prejudice is unwarranted by the "small delay in the filing" of her individual complaint. However, it long has been this court's position that such a delay causes real prejudice to defendants. Plaintiff sets forth several other arguments contesting dismissal, all of which repeatedly have been rejected by this court.

1    IT IS HEREBY ORDERED that the plaintiff's claims against all
2 defendants are dismissed, with prejudice.

   DATED this 22nd day of November, 2006.

*Barbara J Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER – 4